IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                     25-CR-78

PETER CELENTANO,

    Defendant.

---

## PLEA AGREEMENT

The defendant, PETER CELENTANO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Sections 922(o) and 924(a)(2) (possession of machineguns), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years. As a consequence,

in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That the defendant knowingly possessed or transferred a machine gun;

   b. That the defendant knew, or was aware of, the essential characteristics of the firearm which made it a "machine gun" as defined by Section 921(a)(24);

   c. A "machinegun" is defined as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun . . ." 26 U.S.C. § 5845(b) (emphasis added); *see* 18 U.S.C. § 921(a)(24).

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. On or about September 29, 2024, in the Western District of New York, the defendant, Peter Celentano, did knowingly possess machineguns, to wit: two (2) machinegun conversion devices used to modify semi-automatic firearms to fire as fully automatic weapons, enabling said firearms to automatically shoot more than one shot without manual reloading, by a single function of the trigger; and fifty-nine (59) AR-style lower receivers containing automatic sear pin holes.

b. On September 29, 2024, New York State Police ("NYSP"), Genesee County Sheriff's Office ("GCSO"), and members of Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), executed a New York State search warrant at a residence in Bergen, NY, the known residence of defendant. During the search, law enforcement recovered numerous items, including 3D printed pistol frames, firearm parts and accessories, ammunition reloading equipment, tools for constructing privately made firearms, a drill press, and various other tools related to the manufacturing of firearms. Additionally, law enforcement found two (2) 3D printed machinegun conversion devices. Defendant admits he possessed these items.

c. After continuing its investigation, law enforcement obtained an amendment to the original New York State search warrant, which now included certain locked boxes recovered from other properties in Lyndonville, NY and Medina, NY, where defendant had stored items. Within these containers, law enforcement uncovered numerous AR-style lower receivers, 3D printed handguns, and additional firearm parts and accessories. Defendant admits that he possessed these items.

d. During the investigation, law enforcement also interviewed defendant's friend M.S., who stated, among other things, that defendant had provided him with a total of nine (9) lower receivers and that two of those receivers contained the "third pin hole," making them machineguns. Law enforcement learned that M.S.'s father disposed of the firearms that defendant provided by throwing them off the Beals Rd. bridge into the Erie Canal.

e. On October 9, 2024, ATF, GCSO, and the NYSP SORT dive team searched the Erie Canal beneath the Beals Rd. bridge in Medina, NY. From the canal, the dive team located and recovered a cardboard box containing ten (10) AR-style receivers, one (1) unmarked handgun, ammunition magazines, and additional firearm parts.

f. The machinegun conversion devices defendant possessed have been reviewed by an ATF Special Agent, who, in his training and experience, believes they are operable. Machinegun conversion devices are parts that, when properly inserted into or added to a firearm, convert the firearm to fully automatic. They are parts designed and intended exclusively for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger. Accordingly, these devices qualify as machineguns under 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b). Defendant knew, or was aware, that when the machinegun conversion devices he possessed were affixed to a semiautomatic pistol, they would then convert the weapon

into a fully-automatic firearm, that is, a "machine gun," as that term is defined in 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b).

g. The fifty-nine (59) AR-style lower receivers defendant possessed have been reviewed by an ATF Special Agent, who, in his training and experience, believes they are operable. Defendant also knew that fifty-nine (59) of the AR-style lower receivers he possessed contained two M16-type automatic sear pin holes properly located above the selector lever holes on the left and right sides of the receiver. Defendant knew that these sear pin holes serve only to provide a mounting position for the automatic sear on select fire M16-type machineguns. The presence of automatic sear pin holes on the fifty-nine (59) receivers classifies them as "machinegun" receivers. Accordingly, the receivers themselves each constitute a "machinegun" as that term is defined in 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b).

h. Defendant did not have the authority of the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof, to possess a machine gun.

i. Defendant admits that his relevant conduct involved over two hundred (200) firearms, which could be readily proven by the government against the defendant.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2K2.1(a)(5) applies to the offense of conviction and provides for a base offense level of **18**.

4

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics apply:

  a. The ten-level increase pursuant to Guidelines § 2K2.1(b)(1)(E) (offense involving 200 or more firearms)

  b. The four-level increase pursuant to Guidelines § 2K2.1(b)(4) (offense involving an unserialized firearm)

## ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction would be 32. However, the provisions of Guidelines § 2K2.1 provide that the cumulative offense level determined from application of Guidelines §§ 2K2.1(b)(1) through (b)(4) may not exceed an offense level 29. Accordingly, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **29**.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **26**.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **26** and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **63** to **78 months**, a fine of **$25,000** to **$250,000**, and a period of supervised release of **1** to **3** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

16. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the

defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

17. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

### VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in

   the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and,

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant at Magistrate's No. 24-mj-1204.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

21. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statutes to which the defendant is pleading guilty are unconstitutional

(except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statutes to which the defendant is pleading guilty.

22.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of **63 to 78 months**, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3 years**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.     The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the

right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of **63 to 78 months**, a fine of **$25,000 to $250,000**, and a period of supervised release of **1 to 3** years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

25. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

26. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII. FORFEITURE PROVISIONS

27. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms and firearm parts and accessories described below and agrees to immediately criminally forfeit all of the defendant's right, title, and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the following seized by law enforcement:

   a. Two (2) machinegun conversion devices seized on or about September 29, 2024;

   b. Approximately twenty (20) 3D printed handguns seized on or about September 29, 2024;

   c. Approximately fifty-nine (59) AR-style lower receivers containing automatic sear pin holes seized on or about September 29, 2024;

   d. Approximately ten (10) AR-style receivers seized on or about October 9, 2024; and

   e. One (1) unmarked handgun seized on or about October 9, 2024.

28. The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the property described below, and agrees that the property below constitutes a nuisance as provided for in New York Penal Law § 400.05. The property, seized from the defendant, by law enforcement, as part of this investigation, is described as follows:

   a. Two (2) completed AR-15 lowers, no serial number;

   b. Nine (9) threaded 9mm barrels;

   c. One (1) 9mm Glock upper slide with threaded .45 ACP barrel, no serial number, color: black;

12

    d. Two (2) 3D printed auto sears;

    e. Seven (7) 30 round magazines;

    f. One (1) 15 round pistol magazine;

    g. Brown case containing four (4) magazines and rounds of .45 ACP ammunition;

    h. Various 3D printed handguns;

    i. Various firearm parts and accessories;

    j. Various ammunition reloading equipment;

    k. Various firearm manufacturing tools;

    l. Various magazines; and

    m. Various containers of assorted ammunition.

29. The defendant also agrees that the assets listed above are properly forfeitable to the government pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c).

30. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the property listed above in any administrative or judicial (civil or criminal) forfeiture proceeding. Further, if any third party files a claim to the property listed above, the defendant will assist the government in defending such claim.

31. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the above-referenced property survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

32. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives the defendant's right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise

the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

33. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, including any defenses based on jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

34. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above referenced property.

35. The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of

imprisonment, any income taxes or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

## ABANDONMENT

36. The defendant agrees to voluntarily abandon the following property seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. The defendant specifically agrees to voluntarily abandonment of the following property, seized by law enforcement as part of this investigation, described as follows:

    a. One (1) AR 80% style Jig and Drill;

    b. One (1) Drill Press;

    c. Two (2) 3D printers with parts and cables;

    d. Two (2) plate carriers;

    a. Various containers of gunpowder;

    b. Boxes of primer caps;

    c. Padlocks with keys;

    d. Approximately Seven (7) scopes;

    e. Three (3) AR-15 hand guards;

    f. Two (2) Apache gun cases;

    g. Various gunsmith and gun books;

    h. Two (2) boxes of AR parts kits;

i. Rotary Tumbler;

j. Blue corrugated plastic sheets;

k. Case trim and prep center tool;

l. Sand blasting station with bucket attachments; and

m. Various totes and weatherproof containers with padlocks.

37. The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title, and interest in the property, and agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1, and 41 C.F.R. 128-48.50 with respect to the abandonment of the aforementioned property and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

38. The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the Bureau of Alcohol, Tobacco, and Firearms (ATF), the New York State Police, and/or the Genesee County Sheriff's Office may, in its discretion, destroy the aforementioned property.

39. The defendant agrees that the aforementioned property is subject to abandonment, and agrees to waive all statutory and constitutional rights, including but not limited to, time restrictions and notice provisions with respect to the abandonment of the aforementioned property.

40. The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the aforementioned property survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

41. The defendant agrees that if, for any reason, in any pleadings before the Court, or any order of the Court, including but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case, or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary, and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

This plea agreement represents the total agreement between the defendant, **PETER CELENTANO**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
JEFFREY E. INTRAVATOLA
Assistant United States Attorney

Dated: May ___, 2025

I have read this agreement, which consists of pages 1 through 19. I have had a full opportunity to discuss this agreement with my attorney, James Wolford, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
PETER CELENTANO
Defendant

Dated: May ___, 2025

_____
JAMES WOLFORD, ESQ.
Attorney for the Defendant

Dated: May ___, 2025

19