IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

PETER CELENTANO,

                Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF SENTENCE STATEMENT**

Case No. 25-CR-78-V

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of Peter Celentano's (hereinafter "Peter") statement with respect to his sentence. Based upon that specific adjustment, and other relevant factors enumerated in 18 U.S.C. §3553 (hereinafter "3553 Factors"), Peter respectfully requests that he be sentenced to 41 months in the Bureau of Prisons, including time served.

## POINT I

### THE 3553 FACTORS WARRANT A SENTENCE OF 41 MONTHS IN THE BUREAU OF PRISONS.

Respectfully, this Court "has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." United States v. Pope, 554 F.3d 240, 244 (2nd Cir. 2009) (quoting United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008)). The United States Supreme Court has noted – just after eliminating the mandatory elements of the Federal Sentencing Guidelines (hereinafter "Guidelines") – "[w]e have never doubted the authority of a judge to exercise broad discretion in imposing sentence within a statutory range." United States v. Booker, 543 U.S. 220, 233 (2005). A sentencing Court may not presume the range recommended by the Guidelines is reasonable, but must make an "individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50 (2007).

1

Historically, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometime mitigate, sometimes magnify, the crime and the punishment to ensue." Id. at 52 (quoting Koon v. United States, 518 U.S. 81, 113 (1996)).

Moreover, a sentencing judge "hears evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record," and is therefore in a "superior position to find facts and judge their import under § 3553(a) in the individual case." Gall, 552 U.S. at 51; see also Rita v. United States, 551 U.S. 338, 357 (2007) ("the sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeal court").

Since the eradication of the mandatory nature of the Guidelines, a Court should give due consideration to the 3553 Factors in order to impose a sentence "sufficient, but not greater than necessary" as is required in accordance with the Supreme Court's decision in United States v. Booker and the Court of Appeals for the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

A sentence needs to be imposed through consideration of all the 3553 Factors, including the Advisory Sentencing Guidelines established by the United States Sentence Commission. United States v. Crosby at 107-108.

Therefore, and pursuant to the 3553 Factors:

(a)     the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider

(1)     the nature and circumstances of the offense and the history and characteristics of Peter;

(2)     the need for the sentence imposed –

(A)   to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of Peter; and

(D)   to provide Peter with needed educational or vocational training, medical care, or other correctional treatment in the most effective manners;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for –

(A)   the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –

(5)   any pertinent policy statement . . . [issued by the Sentencing Commission];

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

Pursuant to the 3553 Factors, this Court is permitted to find all the facts appropriate for determining a sentence, whether the sentence is a so called Guidelines sentence or not. See Crosby, 397 F.3d at 114. In short, there should be no "fear of judging" and Peter respectfully requests a fair and reasonable sentence of 41 months with time served.

Based upon the submissions herein, it is respectfully submitted that a sentence of 41 months with time served is fair and reasonable in light of the 3553 Factors and all of the other relevant information before the Court. Arguably, the mandatory minimum sentence alone is more than fair and reasonable without any input or calculation from the sentencing guidelines.

## <u>CONCLUSION</u>

Based upon all the submissions, including the exhibits attached to the Wolford Declaration, facts identified in the PSR, and case law cited herein, Peter respectfully requests that he be sentenced to a term of imprisonment of 41 months with time served in the Bureau of Prisons to a prison facility as close to Rochester, New York as possible. Additionally, based upon his financial situation, he respectfully requests a minimum fine.

Dated: Rochester, NY
      July 14, 2026                                       **GALLO & IACOVANGELO, LLP**

                                       /s/ James S. Wolford
                                       James S. Wolford, Esq.
                                       *Attorneys for Defendant*
                                       *Peter Celentano*
                                       180 Canal View Blvd., Suite 100
                                       Rochester, NY 14623
                                       Telephone: (585) 454-7145
                                       E-Mail: JamesWolford@GalloLaw.com